O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SPELL, | ) Case No. CV 19-2073 JGB(JC) |
| Petitioner, | ) |
| v. | ) ORDER SUMMARILY DISMISSING<br>) PETITION AND ACTION AND<br>) DENYING A CERTIFICATE OF |
| HON. NATALIE STONE, | ) APPEALABILITY |
| Respondent. | ) |

**I.    SUMMARY**

On March 20, 2019, petitioner Susan Spell, who is proceeding *pro se*, filed a "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254, with attachments ("Petition").[1]  Petitioner is not confined. (Petition at 1).  Construing the Petition liberally, it appears that petitioner is attempting to challenge a 2016 juvenile dependency court order issued under California Welfare and Institutions Code section 300 (which provides for adjudication of a child to be a dependent child of the court), in Los Angeles County Superior Court Case No. DK02119 ("State Case").  (Petition at 2-4).

---

[1]Although submitted on the Court's standard CV-69 form, the Petition contains multiple versions of pages 2 through 8.  For ease of reference, the Court refers to the Petition and its attachments by the page ID number from the Court's docket.

1

Petitioner asserts that she has been "unlawfully restrained" "from [her] parental liberties" since the court in the State Case granted sole custody of her four children to their alleged father on or around May 11, 2016. (Petition at 21-23). Petitioner purports to raise multiple grounds for relief from the order in the State Case. (Petition at 13-16). She requests that this Court vacate the order and judgment in the State Case as an "unlawful restraint on [her] liberties" until her youngest child is 18 years old. (Petition at 27).

As explained below, it plainly appears from the face of the Petition, including its attachments, that the Court is without habeas jurisdiction to consider petitioner's claims. Accordingly, the Petition is dismissed without prejudice.

## II. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by the Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]'" Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citations omitted), cert. denied, 565 U.S. 1116 (2012); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.") (citation omitted).

Subject matter jurisdiction under 28 U.S.C. section 2254 is limited to those persons "in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'" Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th

Cir. 1998), cert. denied, 525 U.S. 1081 (1999)). To be in custody generally requires a restraint on liberty not experienced by the public generally. Bailey, 599 F.3d at 979. The termination of parental rights is not sufficient to establish Section 2254's "in custody" requirement. See Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 511-12 (1982) ("federal habeas has never been available to challenge parental rights or child custody"). In light of this clear authority, the Court lacks habeas jurisdiction to consider petitioner's claims since she is not "in custody."

Additionally, as noted above, the power a habeas court has to enforce the right of personal liberty is the power to release a prisoner – it has no other power. Douglas, 626 F.3d at 504. A federal habeas court lacks the authority to revise or void a state court judgment; it can act only on the body of the petitioner. Id. (citation omitted). Even if the Court had habeas jurisdiction, and it does not, it would lack the authority to render the relief petitioner seeks (*i.e.*, vacating the order and judgment in the State Case).

"If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.") (footnote omitted); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . ."). For the reasons set forth above, it plainly appears from the face of the Petition, including its attachments, that the Court lacks habeas jurisdiction to consider the Petition, rendering the Petition and this action subject to dismissal.

///

## III. ORDERS

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice.[2]

The Court also concludes that a certificate of appealability is unwarranted in this case because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 14, 2019

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner mentions that the State Case has included investigation of petitioner's children's alleged Native American heritage (Petition at 23), and that Department of Children and Family Services ("DCFS") actions have violated the children's rights under ICWA (Indian Child Welfare Act, 25 U.S.C. §§ 1901 et seq.). (Petition at 24). Petitioner has provided a copy of a "Parental Notification of Indian Status" form filed in the State Case on November 6, 2013, asserting that petitioner "may have Indian ancestry" (*i.e.*, Choctaw, from her maternal grandfather). (Petition at 303). Under Section 1914 of the ICWA, a parent of an Indian child (as defined in the Act) may petition any court of competent jurisdiction, which would include this Court, to invalidate termination of parental rights under State law, upon a showing that the termination violated sections 1911 through 1913 of the ICWA. See 25 U.S.C. § 1914; see also Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005) ("Congress explicitly authorized federal courts to invalidate state court judgments in the limited area [of Indian child dependency and custody judgments]."), cert. denied, 547 U.S. 1111 (2006). However, petitioner has not filed a Section 1914 petition, and the Court declines to construe the present Petition as such. First, petitioner has not alleged that her children are "Indian children" as defined in the ICWA, and has not specified which provision(s) of the ICWA the DCFS allegedly has violated. Second, the filing fee for a civil action is at least $350 rather than the $5 habeas filing fee petitioner has paid. 28 U.S.C. § 1914(a). For at least the foregoing reasons, it is not in the interest of judicial economy to convert this action into an ICWA Section 1914 action.